UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| JESSE S.p.A. | ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No.: 1:11-cv-579 (TSE/TCB) |
| ZOOMIE, LLC | ) ) ) | |
| Et al. | ) ) | |
| Defendants | ) ) | |

**REVISED DECLARATION IN SUPPORT OF ENTRY OF DEFAULT**

John E. Coffey, counsel for the Plaintiff in this matter, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, states as follows in support of the Plaintiff's Application for Entry of Default in this matter:

1. My name is John E. Coffey. I am counsel for the Plaintiff in this matter. I make this declaration in support of an application for default pursuant to Federal Rule of Civil Procedure 55(a).

2. The Plaintiff's Complaint was filed on May 27, 2011.

3. The Defendant Zoomie, LLC was served with the Plaintiff's Complaint through service on the Commonwealth of Virginia State Corporation Commission pursuant to Virginia Code §13.1-637B. The State Corporation Commission filed its Certificate of Compliance

on July 27, 2011. Pursuant to Virginia Code §8.01-326.1, service was effective on the Defendant Zoomie, LLC on that date, and the Defendant Zoomie, LLC's Answer was accordingly due on August 17, 2011.

4. The Defendant Zoomie has failed to answer or otherwise respond to the Plaintiff's Complaint.

5. The Defendant Claude Zein was served with the Plaintiff's Complaint through service on the Secretary of the Commonwealth of Virginia pursuant to Virginia Code §8.01-329. The Secretary of the Commonwealth of Virginia filed its Certificate of Compliance on August 11, 2011. Pursuant to Virginia Code §8.01-326.1, service was effective on the Defendant Zein on that date, and the Defendant Zein's Answer was due on September 1, 2011.

6. The Defendant Zein has failed to answer or otherwise respond to the Plaintiff's Complaint.

7. The Defendant Zoomie and the Defendant Zein are not infants, incompetent persons or in the military service.

8. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk should accordingly enter a default against the Defendants in this matter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge as to the factual matters stated herein.

/s/
John E. Coffey