UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JESSE S.p.A.,                          )
        Plaintiff,                     )
                                       )
                                       )
        v.                             )  Civil Action No. 1:11cv579
                                       )
ZOOMIE, LLC, et al.,                   )
        Defendants.                    )
                                       )

REPORT AND RECOMMENDATION

This matter comes before the Court on Motion for Default

Judgment (Dkt. 29) by plaintiff Jesse S.p.A. ("plaintiff")

against defendants Zoomie, LLC ("Zoomie") and Claude Zein

("Zein") (collectively, "defendants").  After a representative

for defendants failed to respond to plaintiff's Motion or to

appear at the hearing on October 14, 2011, the undersigned

Magistrate Judge took plaintiff's Motion under advisement.

I.    INTRODUCTION

A.    Background

Plaintiff is an Italian corporation that manufactures and

sells furniture.  (Compl. ¶¶ 1, 7; Mem. Supp. Mot. Default J.

1.)  Plaintiff alleges that defendant Zoomie breached a contract

when it purchased furniture from plaintiff and failed to pay

plaintiff's invoices of €63,054.52[1] between July 2010 and January

_____

[1] Plaintiff's pleadings contain some inconsistent figures.  The
Complaint and the Declarations of Alejandro Jesse state that the

2011. (Compl. ¶¶ 6-14.) Plaintiff also alleges that Zein

breached his guaranty of Zoomie's obligations to plaintiff

(Compl. ¶¶ 15-18.) Plaintiff seeks the full balance of the

unpaid invoices on the grounds of breach of contract and quantum

meruit[2], as well as costs and additional appropriate relief.

(Compl. 2-4.)

### B. Jurisdiction and Venue

Rule 55 of the Federal Rules of Civil Procedure provides

for the entry of default judgment when "a party against whom a

judgment for affirmative relief is sought has failed to plead or

otherwise defend." The court must have both subject matter and

personal jurisdiction over a defaulting party before it can

render default judgment.

This Court has subject matter jurisdiction on the basis of

diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1)

(2006). Plaintiff is an Italian corporation with a principal

place of business at Via per Sacile 75, 31018 Francenigo TV,

---

invoices totaled €117,598. (Compl. ¶¶ 10, 14, 16, 18, 20, 23; Jesse Decl. ¶ 8; Supp. Jesse Decl. ¶ 2.) The Complaint further asserts that defendants have failed to pay the entire amount. (Compl. ¶¶ 12, 16, 21.) The Memorandum in Support of Default Judgment, however, states that the furniture had a value of €117,256.15 and that defendants have a remaining obligation of €63,054.52. (Mem. Supp. Mot. Default J. 1, 4.) The Jesse Declaration supports the balance of €63,054.52 but maintains that the furniture was worth €117,598. (Jesse Decl. ¶¶ 8, 10.) This Court now considers plaintiff's request for €63,054.52.
[2] Although plaintiff makes a claim based on quantum meruit in its Complaint, it does not argue this claim in its Motion for Default Judgment.

Italy. (Compl. ¶ 1.) Defendant corporation Zoomie, LLC is a Virginia LLC whose principal place of business is listed as being located at 13661 Wilt Store Road in Leesburg, Virginia. (Id. ¶ 2.) Defendant Zein, a managing member and registered agent of Zoomie, LLC, is last known to reside at 1177 22nd Street NW, Unit 4-J, Washington, D.C. 20037. (Mem. Supp. Mot. Default J. 2.) Plaintiff also seeks an award of €63,054.52, which, based on the applicable rates of exchange, is equivalent to $82,640.64. Because the parties are completely diverse and the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction over this dispute.

This Court also has personal jurisdiction over defendants. Zoomie is a Virginia business entity and was served with process through the Virginia State Corporation Commission pursuant to Virginia Code § 13.1-637(B). (Dkt. 20; Mem. Supp. Mot. Default J. 2-3.) This Court has personal jurisdiction over Zein under Virginia Code § 8.01-328.1(A)(1), which provides that a Virginia court may exercise personal jurisdiction over any person in a matter related to that person's transactions of business in the Commonwealth of Virginia. Zein was served with process pursuant to Virginia Code § 8.01-329(A)-(B), which authorizes the Secretary of the Commonwealth to serve as the statutory agent of a nonresident defendant. (Dkt. 21; Mem. Supp. Mot. Default J. 3.)

Venue is also proper under 28 U.S.C. § 1381(a) because the events giving rise to plaintiff's claim occurred in this district.

### C.   Service of Process

Plaintiff made multiple attempts to serve defendants personally with process.  Plaintiff's private process server initially attempted to serve defendants at the address listed with the State Corporation Commission as Zoomie's principal business office and the address of Zein, Zoomie's registered agent.  (Wiltshire Decl. ¶ 3; Coffey Decl. ¶ 3.)  That address – 13661 Wilt Store Road, Leesburg, Virginia 20176 – was vacant. (Wiltshire Decl. ¶ 3; Coffey Decl. ¶ 3.)

An internet search conducted by plaintiff suggested that Zein could be found at 11740 Indian Ridge Road, Reston, Virginia 20191 or 2131 Wilkes Court, Herndon, Virginia 20170.  (Coffey Decl. ¶ 4.)  Plaintiff's private process server was unable to locate Zein at either of those addresses.  (Wiltshire Decl. ¶ 3; Coffey Decl. ¶ 4.)

Another attorney involved in litigation with Zein informed plaintiff's counsel that Zein was living at 1177 22nd Street NW, Unit 4-J, Washington, D.C. 20037.  (Coffey Decl. ¶ 5.)  Security personnel at that building acknowledged that Zein resided in the building but would not grant plaintiff's private process server access to Zein's unit without Zein's permission.  (Wiltshire

4

Decl. ¶ 4.)  The process server spoke with someone in Zein's residence by telephone, but that person also refused to grant him access to the unit.  (Id.)  The process server's attempts to serve Zein as he entered or exited the building were unsuccessful.  (Id.)

Plaintiff next attempted to serve defendants personally at the alleged location of their store in McLean, Virginia, but there was no listing for either defendant at that address. (Wiltshire Decl. ¶ 5.)

Upon information that Zein was no longer living in Virginia, plaintiff served him at his Washington, D.C. address through the Secretary of the Commonwealth of Virginia pursuant to Virginia Code § 8.01-328.1(A).  The process was returned unopened and marked "refused."  (Coffey Decl. ¶ 8.)  The Secretary filed a Certificate of Compliance with this Court on August 11, 2011.  (Dkt. 21.)

Plaintiff also served Zoomie through the Virginia State Corporation Commission pursuant to Virginia Code § 13.1-637(B). The State Corporation Commission filed a Certificate of Compliance with this Court on July 27, 2011.  (Dkt. 20.)

### D.    Grounds for Default Judgment

To date, no defendant has appeared or otherwise participated in these proceedings.  On September 16, 2011, the Clerk of this Court entered default pursuant to plaintiff's

Request for Entry of Default and Federal Rule of Civil Procedure

55. (Dkt. 25.)  Plaintiff filed a Motion for Default Judgment

on October 7, 2011.

After defendants failed to appear at the October 14, 2011

hearing on plaintiff's Motion for Default Judgment, the

undersigned took this matter under advisement.  (Dkt. 34.)

## II.   FINDINGS OF FACT

Upon a full review of the pleadings, the undersigned

Magistrate Judge finds that plaintiff has established the

following facts.[3]

Plaintiff is an Italian corporation that manufactures and

sells furniture.  (Jesse Decl. ¶ 2.)  Defendant Zoomie, LLC is a

Virginia LLC that operated a furniture showroom at Tyson's

Galleria in McLean, Virginia and purchased furniture from

plaintiff.  (Id. ¶¶ 3, 6.)  Defendant Claude Zein is Zoomie's

registered agent and managing member.  (Id. ¶ 4.)  Between March

2010 and through January 2011, plaintiff had an agreement with

Zoomie whereby Zoomie would purchase furniture from plaintiff on

---

[3] The record includes the Complaint (Dkt. 1)("Compl."),
plaintiff's Motion for Default Judgment and the accompany
Memorandum (Dkt. 30) ("Mem. Supp. Mot. Default J."), Alejandro
Jesse's Declaration in Support of Motion for Default Judgment
(Dkt. 30-1) ("Jesse Decl."), the John E. Coffey Declaration in
Support of Motion for Default Judgment (Dkt. 30-2) ("Coffey
Decl."), the Desmond Wiltshire Declaration in Support of Motion
for Default Judgment (Dkt. 30-3) ("Wiltshire Decl."), and the
Supplemental Declaration in Support of Motion for Default
Judgment (Dkt. 35) ("Supp. Jesse Decl.").

credit.  (Id. ¶ 7.)  Zein personally guaranteed this agreement.

(Id. ¶ 7, Ex. 1.)

Between July 2010 and January 2011, plaintiff shipped to

Zoomie furniture worth €117,598 and promptly sent the relevant

invoices.  (Id. ¶¶ 8-9.)  As of September 26, 2011, Zoomie has

failed to pay plaintiff's invoices in the amount of €63,054.52.

(Id. ¶ 10, Ex. 2.)  Zein has also failed to pay those invoices

per the terms of his guaranty.  (Id. ¶ 12.)  The outstanding

balances and credits made to the Zoomie account, along with

their respective due dates or dates of payment[4], are:

| Amount (Euros) | Date Due | Amount (Dollars) |
|---|---|---|
| €2,372.71 | 9/20/2010 | $3,095.51 |
| €44,311.85 | 10/2/2010 | $60,817.10 |
| €16,672.27 | 10/3/2010 | $22,984.40 |
| €276.59 | 11/20/2010 | $377.86 |
| €1,400.00 | 12/27/2010 | $1,836.30 |
| €189.81 | 10/29/2010 | $263.33 |
| €3,433.24 | 1/16/2011 | $4,594.09 |
| €752.40 | 1/4/2011 | $1,002.58 |
| €40,531.76 | 1/27/2011 | $55,466.50 |
| €14,011.72 | 1/27/2011 | $19,174.60 |
| (€75.24) | 1/27/2011 | ($102.96) |
| (€2,881.79) | 1/27/2011 | ($3,943.64) |
| (€1,996.15) | 1/27/2011 | ($2,731.67) |
| (€1,401.17) | 1/27/2011 | ($1,917.46) |
| (€54,543.48) | 5/11/2011 | ($78,275.90) |

(Supp. Jesse Decl. ¶ 2.)

---

[4] In converting the balances from euros to dollars based on the
date the payment was made or was due, plaintiff used the
Currency Calculator from oanda.com.

III. <u>EVALUATION OF PLAINTIFF'S COMPLAINT</u>

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering default judgment, however, the Court must evaluate the plaintiff's complaint to ensure that the complaint properly states a claim. <u>GlobalSantaFe Corp. v. Globalsantafe.com</u>, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is appropriate to evaluate plaintiff's claim against the standards of Fed. R. Civ. P. 12(b)(6).

**A. Breach of Contract**

Plaintiff alleges that Zoomie breached an agreement to pay for furniture delivered by plaintiff. Under Virginia law, a plaintiff properly pleads a breach of contract claim where he alleges that (1) the defendant had a legally enforceable obligation; (2) the defendant materially breached that obligation; and (3) such breach caused plaintiff's damages. <u>Filak v. George</u>, 594 S.E.2d 610, 614 (Va. 2004).

Plaintiff has pleaded sufficient facts to support a breach of contract claim. The Complaint asserts that plaintiff and defendants had an agreement whereby Zoomie purchased furniture from plaintiff on credit. (Compl. ¶ 9.) This amounts to a legally enforceable obligation to perform under a valid contract. Plaintiff further establishes that between July 2010 and January 2011, plaintiff shipped furniture valued at

8

€117,598.  (Compl. ¶ 10; Jesse Decl. ¶8.)  Zoomie has failed to

pay invoices related to those shipments in the amount of

€63,054.52.  (Mem. Supp. Mot. Default J. 4; Jesse Decl. ¶ 10.)

Therefore, Zoomie materially breached its obligation to pay

plaintiff for furniture delivered.  Zoomie's failure to pay

plaintiff for the furniture delivered has damaged plaintiff in

the amount of €63,054.52.  The undersigned therefore finds that

plaintiff's Complaint properly states a claim for breach of

contract against Zoomie.

Additionally, the Court notes that by failing to appear or

otherwise respond in this matter, defendants have waived any

defenses based on the statute of frauds.  See Moore Lumber Corp.

v. Walker & Williamson, 67 S.E. 374, 375 (Va. 1910).

## B.    Breach of Guaranty

Plaintiff also asserts that Zein breached an agreement to

guarantee Zoomie's full payments for plaintiff's furniture.

Virginia courts have defined a guaranty as an independent

contract by which the guarantor assumes the obligation to pay

for a debt in the event that a primary obligor fails to pay.

McDonald v. Nat'l Enters., Inc., 547 S.E.2d 204, 207 (Va.

2001)(quoting B.F. Goodrich Rubber Co., Inc. v. Fisch, 141 Va.

261, 266 (1925)).  To establish a claim for breach of guaranty,

a plaintiff must prove "the existence and ownership of the

guaranty contract, the terms of the primary obligation and

default on that obligation by the debtor, and nonpayment of the

amount due from the guarantor under the terms of the guaranty

contract." Id.

Plaintiff avers that Zein personally guaranteed the

agreement between plaintiff and Zoomie.  (Jesse Decl. ¶ 7.)  In

support of this, he submits an email in which Zein states "I

have signed a PERSONAL guarantee so your money is protected no

matter what happen [sic] with our store."  (Id. Ex. 1.)

Plaintiff also has established the terms of the primary

obligation and the primary obligor's default – namely, that

Zoomie agreed to pay plaintiff in full upon receipt of furniture

shipments and has an outstanding balance of €63,054.52.

Finally, plaintiff has shown that Zein has failed to cover that

balance in breach of his promise to pay.  Accordingly, plaintiff

has established a claim of breach of guaranty again Zein.

## IV.   REQUESTED RELIEF

Plaintiff seeks damages in the amount of €63,054.52,

presenting the question of whether this Court should award

damages in terms of the dollar or the euro.

In a diversity action, the issue of whether to convert

damage amounts from a foreign currency to dollars is a question

of state law.  Elite Entm't, Inc., et al. v. Khela Bros. Entm't

Inc., et al., 396 F. Supp. 2d 680, 694 (E.D. Va. 2005)(citing

Competex, S.A. v. Labow, 783 F.2d 333, 334 (2d Cir. 1986)).

This Court has previously noted that the Virginia courts have not yet decided this question.  Id.  Though courts in other jurisdictions may disagree on whether a United States court may enter a judgment in a foreign currency, the general consensus is that doing so is "strongly disfavored."  Id. (citing ReliaStar Life Ins. Co. v. IOA Re, Inc., 303 F.3d 874, 882 (8th Cir. 2002)).  Accordingly, this Court has held that entry of a judgment in dollars is appropriate in Virginia.  Id.

It follows, then, that the Court must determine the appropriate exchange rate for the conversion of euros to dollars.  "Where, as here, the plaintiff has a cause of action arising under American law, the applicable exchange rate is the rate in effect on the date of the contract breach."  Id. Plaintiff's agreement with defendants specified that purchases could be made on credit, with payment due at a later date. Accordingly, the exchange rate used to calculate damages shall be the exchange rate on the date of the missed payments.

In the Supplemental Declaration of Alejandro Jesse, plaintiff's President of its Board of Directors averred that Zoomie made payments of €6,354.35 on January 27, 2011 and €54,543.48 on May 11, 2011, resulting in an outstanding balance of €63,054.52.  (Supp. Jesse Decl. ¶ 2.)  Using exchange rates for the respective dates that each individual payment was missed or made, plaintiff's damages are $82,640.64.  See Table p. 7.

V.   RECOMMENDATION

For the reasons outlined above, the undersigned recommends that default judgment be entered in favor of the plaintiff against defendants Zoomie, LLC and Claude Zein in the amount of $82,640.64.

VI.   NOTICE

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendants at the following address:

    ZOOMIE, LLC
    13661 WILT STORE ROAD
    LEESBURG, VIRGNIIA 20176

    CLAUDE ZEIN
    1177 22ND STREET NW
    WASHINGTON, D.C. 20037

    ZOOMIE, LLC
    CLAUDE ZEIN
    1701 INTERNATIONAL DRIVE
    McLEAN, VIRGINIA 22102-4601

ZOOMIE, LLC
CLAUDE ZEIN
44964 MERCURE CIRCLE, SUITE 140
STERLING, VIRGINIA

ZOOMIE, LLC
CLAUDE ZEIN
3342 M. STREET NW
WASHINGTON, D.C. 20007


                                        _____/s/_____

                                        THERESA CARROLL BUCHANAN
                                        UNITED STATES MAGISTRATE JUDGE

November 9, 2011
Alexandria, Virginia